1
2
3
4
5
6
7
8
9
10
11
12
13

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TOMAS LEMUS, et al., | Case No. 2:13-cv-00451-JCM-PAL |
| Plaintiff, | ORDER |
| v. | |
| ERIC HOLDER, JR., | |
| Defendant. | |

Presently before the court is petitioner Tomas Lemus III's ("petitioner") motion for summary judgment under Federal Rule of Civil Procedure 56(c). (Doc. #15). Respondent filed an opposition, (doc. #17), and petitioner filed a reply in support of the motion for summary judgment. (Doc. # 18).

## I.    Background

This case is a de novo review of the petitioner's citizenship claim. On May 12, 1999, petitioner applied for United States citizenship. (Doc. #17-2). His application was denied on May 18, 2006. (*Id.*). On March 16, 2011, an immigration judge found petitioner subject to removal from the United States. Petitioner appealed. His appeal was denied on October 18, 2012. (Doc. #1-1). Petitioner then filed a petition for review of the final order of removal and a petition for a stay of removal pending resolution of petition for review. (Doc. #1-1). The Ninth Circuit transferred the issue of petitioner's citizenship to this court. (Doc. #1-1). The court now reviews petitioner's claim of citizenship.

Petitioner is seeking to establish United States citizenship derivatively through his father's citizenship under 8 U.S.C. § 1401(g). Petitioner alleges that his father was physically present in

the United States for the requisite time for him to establish citizenship under § 1401(g). Respondents allege that the petitioner has failed to produce adequate evidence to prove that petitioner's father was physically present in the United States for the requisite period of time.

## II.    Legal Standard

The federal rules of civil procedure provide for summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the

claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III.    Discussion

8 U.S.C. § 1401(g) governs a citizenship analysis when the claimant: (1) was born outside of the U.S.; (2) has one U.S. citizen-parent; and (3) has another parent who is not a U.S. citizen or legal permanent resident. The version of the statute in effect at the time of the child's birth is controlling. *See Chau v. I.N.S.*, 247 F.3d 1026, 1028 n.3 (9th Cir. 2001). The court must consider the 1952 version of the statute, which was in place when the petitioner was born.

To claim derivative U.S. citizenship § 1401(g) requires the citizen-parent to have been physically present in the U.S. "for a period, or periods totaling not less than ten years, at least five of which were after attaining the age of fourteen years."[1] Title II, Ch. 1 § 301, 66 Stat. 235. It is undisputed that the petitioner's citizenship claim is governed by § 1041(g).

The moving party bears the burden of proof. Petitioner must present evidence which would entitle him to a directed verdict if the evidence went uncontroverted at trial. *C.A.R. Transp.*

---

[1] The time requirement imposed by §1401(g) is cumulative. The citizen-parent need not be physically present for ten years without interruption.

*Brokerage Co.*, 477 U.S. at 323-24. The burden is on the applicant to show his eligibility for citizenship in every respect, and doubts should be resolved in favor of the United States. *Berenyi v. Dist. Director, INS*, 385 U.S. 630, 637 (1967).

This case turns on whether petitioner's father was physically present in the United States for the requisite amount of time under § 1401(g) for petitioner to establish derivative citizenship. Petitioner asserts that no genuine issue of material fact exists as to his father's physical presence in the U.S. for the required ten years. (Doc. #15). Respondent argues that whether petitioner's father meets the time requirement is a purely factual and material issue. Therefore, respondent asserts the court cannot grant summary judgment in favor of the petitioner. (Doc. #17).

Petitioner's father is a U.S. citizen. He was born in Pennsylvania in 1927. In 1932, at age five, he moved to Mexico. Petitioner alleges that his father returned to the United States in 1947, where he worked for three months before again returning to Mexico. Further, petitioner alleges his father again returned for three months in 1948, before another return to Mexico. In 1959, petitioner's father traveled to the United States to work. He remained in the United States until the petitioner was born in 1970.

In storybook fashion, petitioner's brief creates a timeline of his father's life in the United States and Mexico. To show his father was physically present in the U.S. for the requisite amount of time, petitioner provides fourteen exhibits, including depositions, transcripts, affidavits, government documents, and photographs taken by petitioner's investigators.

Petitioner attempts to create an indisputable timeline by linking details his father remembered, to depositions by witnesses present at the times in question. Petitioner hopes to corroborate his father's recollection and prove that his father was present for the requisite ten years.

Petitioner argues the affidavits provide undisputed evidence of his derivative citizenship. Petitioner cites *Vera-Villegas v. I.N.S.*, 330 F.3d 1222 (9th Cir. 2003) to support his assertion that the affidavits are credible testimony sufficient to prove his derivative citizenship. In *Vera-Villegas*, an alien was residing in the United States for a particular period of time. 330 F.3d at 1225. In an attempt to qualify for suspension of deportation under the Immigration and Nationality Act, the petitioner presented witness testimony to prove his physical presence in the United States. *Id.* The

court found the testimony may not be rejected on credibility grounds without a specific finding accompanied by a clear and direct explanation of persuasive reasons for such rejection. *Id.* It is unreasonable to discredit the sworn testimony of a witness for the sole reason that there is no contemporaneous documentary evidence to support it, especially when there may be valid reasons why no such evidence exists. *Id.* at 1234.

Unlike in *Vera-Villegas*, however, the issue is not whether the depositions are credible sources of information. Rather, the issue is whether petitioner's father was physically present in the United States for the requisite ten years before the birth of the petitioner.

This court finds a genuine issue of material fact exists as to whether petitioner's father was physically present for the required ten year period. The affidavits provided by the petitioner, regardless of credibility, do not provide indisputable evidence that petitioner's father was physically present in the United States for ten years. Based on the pleadings, depositions, and affidavits, the court cannot grant summary judgment in favor of the petitioner.

**Conclusion**

Whether petitioner's father was physically present in the United States for the requisite time under 8 U.S.C. § 1401(g), to establish citizenship for the petitioner derivative of petitioner's father's United States citizenship is a question of fact. Ultimately, the pleadings, depositions, and testimony provided by petitioner are insufficient to show that the trier of fact could not possibly return a verdict in favor of the non-moving party.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that petitioner's motion for summary judgment, (doc. #15), is DENIED.

DATED THIS 17th day of October 2014.

JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE

5